UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00182-GNS

CHAD OWENS and KRISTI OWENS,
Individually and Natural
Guardians of Z.O. and R.O.                                                    PLAINTIFF

v.

GLOBAL EQUIPMENT COMPANY, INC.;
and HU-LIFT EQUIPMENT (USA), INC.                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss Count V (DN 6, 8), which is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

### I.     STATEMENT OF THE CASE AND CLAIM

This action arises from a non-fatal workplace injury suffered by Plaintiff Chad Owens ("Chad"). Defendants seek to dismiss Plaintiffs' loss of parental consortium claim asserted by Chad and Plaintiff Kristie Owens ("Kristie"), as natural guardians of minors R.O. and Z.O.

On October 17, 2016, Chad was acting in the course and scope of his employment at Sumitomo Electric Wiring Inc. when a 7,000 lb. mold injection machine fell on his hands, resulting in crush injuries and amputation of fingers on both hands. On October 13, 2017, Plaintiffs filed the Complaint against Defendants in Allen Circuit Court asserting that Hu-Lift Equipment, Inc. ("Hu-Lift") and Global Equipment Co. Inc. were negligent in distributing the Hu-Lift jacks supporting the machine because the jacks were defective and unsafe for their intended use. Additionally, Kristie asserts a claim for loss of spousal consortium due to Chad's

injuries. Plaintiffs are also asserting loss of parental consortium claims as guardians of their minor children, R.O. and Z.O.

On November 8, 2017, Hu-Lift removed this action from the Allen Circuit Court to this Court with the consent of the other Defendants. Thereafter, Defendants moved to dismiss the minors' loss of consortium claims because such claims are not recognized under Kentucky law.

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

## III. STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts are required "to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

## IV. DISCUSSION

In diversity cases such as the present action, this Court must apply the law of Kentucky's highest court. *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 77-79 (1938). In this regard, Kentucky law is clear that loss of parental consortium claims are only recoverable in conjunction with wrongful death actions. In *Lambert v. Franklin Real Estate Co.*, 37 S.W.3d 770 (Ky. App. 2000), the Kentucky Court of Appeals addressed, as a matter of first impression, whether children can recover for loss of parental consortium where the parent is severely injured but not fatally. *Id.* at 780. The court held that loss of parental consortium is only recoverable in

wrongful death actions. *Id.* The court reasoned that there is no legal distinction between a parent's loss of consortium claim for a child and a child's loss of consortium for a parent. Because KRS 411.135 limits a parent's loss of consortium claim for a child to cases of wrongful death of the child, the court held it follows that "the loss of parental consortium should likewise be limited to cases involving the wrongful death of the parent." *Id.*

While the Plaintiffs acknowledge that Kentucky law currently bars their loss of parental consortium claim, they contend that the facts in this case merit a re-evaluation of the law in light of the Kentucky Supreme Court's decision in *Martin v. Ohio Hospital Corp.*, 295 S.W.3d 104 (Ky. 2009). *Martin*, however, involved a claim for spousal consortium pursuant to a Kentucky statute. *See id.* at 108.

In contrast, Plaintiffs request that this Court modify state common law to recognize a loss of parental consortium claim under the facts presented in the case *sub judice*. It is not the function of this Court, however, to modify Kentucky common law. "As the First Circuit explained, federal courts sitting in a diversity case are in 'a particularly poor position . . . to endorse [a] fundamental policy innovation. . . . Absent some authoritative signal from the legislature or the courts of [the state], we see no basis for even considering the pros and cons of innovative theories. . . .'" *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577-78 (6th Cir. 2004) (quoting *Dayton v. Peck, Stow & Wilcox Co.*, 739 F.2d 690, 694 (1st Cir. 1984)). Given *Lambert*'s unequivocal holding that loss of parental consortium claims are limited to cases involving fatalities, the Court must dismiss the loss of parental consortium claims as asserted on behalf of Chad's minor children.[1]

---

[1] In *Brown v. Mason & Dixon Lines, Inc.*, No. 3:07CV-712-R, 2008 U.S. Dist. LEXIS 42062 (W.D. Ky. May 27, 2008), this Court rejected a similar invitation to recognize a loss of parental consortium claim because "the Court 'cannot disregard *Lambert*'s clear language.'" *Id.* at *6

3

## V.     CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Count V (DN 6, 8) are **GRANTED**, and Plaintiffs' loss of parental consortium claim is **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**

June 28, 2018

cc:     counsel of record

---

(quoting *Brown v. John Deere Co.*, No. 6:06-429-DCR, 2006 U.S. Dist. LEXIS 76289, at *4 (E.D. Ky. Oct. 19, 2006)); *see also John Deere Co.*, 2006 U.S. Dist. LEXIS 76289, at *4 (dismissing loss of parental consortium claims on grounds that there was "no indication that Kentucky's highest court would not follow th[e] [*Lambert*] decision."); *Turner v. Clark*, No. 2009-CA-002005-MR, 2011 Ky. App. Unpub. LEXIS 317, at *3-4 (Ky. App. Apr. 8, 2011).