UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00182-GNS-HBB

CHAD OWENS; and
KRISTIE OWENS                                                          PLAINTIFFS

and

KENTUCKY EMPLOYERS'
MUTUAL INSURANCE                                                INTERVENOR PLAINTIFF

v.

GLOBAL EQUIPMENT COMPANY, INC.,
a wholly owned subsidiary of Systemax, Inc.
d/b/a Global Industrial Equipment; and
HU-LIFT EQUIPMENT (USA), INC.                                          DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Third-Party Defendants' Motions to Dismiss (DN 40, 59), and Third-Party Defendant's Motion for a Hearing (DN 54). The motions are ripe for adjudication. For the reasons outlined below, Sumitomo Electric Wiring Systems, Inc.'s motion to dismiss is **GRANTED**, and the remaining motions are **DENIED**.

## I.  STATEMENT OF FACTS AND CLAIMS

This action involves a non-fatal workplace injury suffered by Chad Owens ("Owens") when, during the ordinary course of business, he and two other employees of Sumitomo Electric Wiring Systems Inc. ("Sumitomo") were placing a piece of equipment on the factory floor when the equipment fell off the jacks and onto Owens's hands. (Compl. ¶¶ 8, 9, 13, DN 1-1). Owens alleges that two of the hydraulic jacks, which bore the serial numbers HM100-0001 and 1604-HM100-0006 (collectively "HM100 jacks"), were defectively designed and caused him to

1

sustain serious injuries. (Compl. ¶¶ 11, 14). Sumitomo claims that it has paid workers' compensation benefits to or on behalf of Owens for his injuries. (Sumitomo Mot. Dismiss Hu-Lift's 3d Party Compl. 4, DN 40). Hu-lift does not dispute Sumitomo's contention that it paid workers' compensation benefits to Owens. (Hu-Lift Resp. Sumitomo's Mot. Dismiss DN 48).

Global Equipment Company, Inc. ("Global") is a New York corporation and allegedly sold the HM100 jacks to Sumitomo, a Scottsville, Kentucky, business. (Compl. ¶¶ 4, 8, 12). Hu-Lift Equipment (USA) Inc. ("Hu-Lift") is a New Jersey corporation which allegedly manufactured the HM100 jacks and admittedly shipped them to Sumitomo. (Compl. ¶¶ 5, 11; M. Guo Aff. ¶ 31, DN 59-3). I-Lift Equipment USA Ltd ("I-Lift") is also a New Jersey corporation and allegedly manufactured, sold, or distributed the HM100 jacks. (Global's 3d Party Compl. I-Lift ¶¶ 5, 8, DN 45). Hu-Lift and I-Lift both have their principal place of businesses located at 400 Apgar Dr. Unit F, Somerset, NJ 08873. (M. Guo Aff. ¶¶ 4, 11). Hu-Lift is owned by Jason Guo and managed by Ming Guo. (M. Guo Aff. ¶¶ 2, 5). Ming Guo is also the owner and president of I-Lift. (M. Guo Aff. ¶ 12).

On October 13, 2017, Owens, his wife, and their two children filed a lawsuit against Global and Hu-Lift (collectively "Defendants"), which Hu-Lift removed to this Court on November 08, 2017. The Complaint asserted claims of negligence, strict liability, loss of parental consortium, loss of consortium, and punitive damages against Defendants. (Compl. ¶¶ 20-56). This Court subsequently dismissed the claim of loss of parental consortium. (Mem. Op. & Order, DN 18).

In its Amended Answer, Global asserted cross-claims against Hu-Lift for indemnification, breach of contract, and apportionment. (Global's Am. Answer Compl. Cross-Cl. ¶¶ 1-29, DN 26). Hu-Lift has filed a Third-Party Complaint against Sumitomo seeking

indemnification. (Hu-Lift's 3d Party Compl. Sumitomo ¶¶ 17-24, DN 35). Sumitomo then moved to dismiss the third-party claim for indemnity asserted by Hu-Lift, claiming that the claim is barred by the exclusive remedy provision of the Kentucky Workers' Compensation Act, KRS 342.690. (Sumitomo's Mot. Dismiss Hu-Lift's 3d Party Compl. 3-4, DN 40). Global has filed a third-party complaint against I-Lift seeking indemnification. (Global's 3d Party Compl. I-Lift ¶¶ 13-21, DN 45). I-Lift filed a motion to dismiss the Third-Party Complaint of Global for lack of personal jurisdiction, claiming that I-Lift was not involved in directing the HM100 to Sumitomo and therefore did not purposefully avail itself to Kentucky law.

Presently, two motions are pending before this Court. First, Sumitomo moves to dismiss Hu-Lift's Third-Party Complaint for failure to state a claim. (Sumitomo's Mot. Dismiss Hu-Lift's 3d Party Compl., DN 40). Second, I-Lift moves to dismiss Global's Third-Party Complaint for lack of personal jurisdiction. (I-Lift Mot. Dismiss Global's 3d Party Compl., DN 59).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

## III. DISCUSSION

### A. Sumitomo's Motion to Dismiss (DN 40)

Though Sumitomo does not cite it explicitly, Sumitomo has moved to dismiss under Fed. R. Civ. P 12(b)(6). *See Tonsetic v. Rafferty's Inc.*, No. 14-CV-00170, 2016 WL 4083455, at *1 (W.D. Ky. Aug. 1, 2016). In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts are required "to construe the complaint in the light most favorable to the plaintiff, accept

3

all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

In its motion, Sumitomo contends that the Third-Party Complaint should be dismissed because KRS 342.690 provides the exclusive remedy against employers which have provided benefits to employees for work-related injuries. It is undisputed that Sumitomo paid workers compensation benefits to Owens. The parties disagree, however, as to whether an action against Sumitomo is still viable notwithstanding this payment.

Kentucky law does permit common law indemnity claims against employers notwithstanding the state's adoption of comparative fault and the exclusive remedy portion of the Act." *Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. Oct. 31, 2005) (citing *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000)). "A claim for indemnity is 'one which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought.'" *Id*. (quoting *Degener*, 27 S.W.3d at 781-82). Employer liability, however, is limited by KRS 342.690(1) which provides in relevant part:

> The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employee of such employer arising out of and in the course of employment and caused by a breach of any duty or obligation owed by such employer to such other shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death, unless such other and the employer by written contract have agreed to share liability in a different manner.

KRS 342.690(1). Although Sumitomo's liability is limited to Owens' workers compensation benefits, that alone does not require the dismissal of Hu-Lift's Third-Party Complaint. Instead, only those indemnity claims that remain "legally futile" in light of the workers' compensation

statute should be dismissed. *See Tonsetic*, 2016 WL 4083455, at *3 (citing *Franke*, 398 F. Supp. 2d at 840). "For example, an indemnity claim arising in a situation in which a party was liable under principles of respondeat superior might not be legally futile under the exclusive remedy provision." *Id*. (citation omitted).

In this instance, KRS 342.690(1) limits any potential indemnity claim against Sumitomo to the amount of any workers' compensation benefits already paid by Sumitomo, because there is no allegation that Sumitomo and Hu-Lift have contracted otherwise. Hu-Lift's indemnity claim is legally futile, because under Kentucky's comparative fault principles a trial jury would be instructed to apportion liability between Sumitomo, Hu-Lift, any other defendants, and as well as Owens. *See Tonsetic*, 2016 WL 4083455, at *3 (citing *Dix & Assocs. Pipeline Contractor, Inc. v. Key*, 799 S.W.2d 24, 29 (Ky. 1990)). There is no need for indemnity where Hu-Lift may be held responsible only for the damage it caused. *See id*. (citing *Sherman & Fletcher*, 705 S.W. 2d at 465). Accordingly, Hu-Lift's indemnity claim is legally futile and will be dismissed.

  **B.** **I-Lift's Motion to Dismiss (DN 59)**

I-Lift moves to dismiss the claims asserted against it for lack of personal jurisdiction. Personal jurisdiction is a court's authority to enter a valid judgment over a defendant, and a plaintiff's claim must be dismissed when the court lacks such authority. *See* Fed. R. Civ. P. 12(b)(2). When challenged, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Beydoun v. Wataniya Restaurants Holding*, 768 F.3d 499, 504 (6th Cir. 2014). The plaintiff "need only make a prima facie showing of jurisdiction when an evidentiary hearing on the issue of personal jurisdiction is not held." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotation marks omitted) (citation omitted). "While a motion to dismiss would normally be converted to a motion for summary judgment by asking the court to consider

5

additional documents, a 12(b)(2) motion 'mirrors in some respects the procedural treatment given to a motion for summary judgment.'" *Lawson v. Techtronic Indus. N. Am., Inc.*, No. 5:08-CV-00093, 2010 WL 3909327, at *2 (W.D. Ky. Sept. 2010) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)). "Along those lines, in the face of a properly supported motion for dismissal, the plaintiff may not 'stand on his pleadings, but must by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'" *Id*. (quoting *Theunissen*, 935 F.2d at 1458) "Unlike a motion for summary judgment, though, a court may not 'weigh the controverting assertion[s], rather, if the facts proffered by the defendant conflict with those offered by the plaintiff, a district court does not consider them." *Lawson*, 2010 WL 3909327, at *2 (citing *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 626 (6th Cir. 1998)). "Any other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by the plaintiff." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citation omitted). The pleadings and affidavits in this instance should be considered in the light most favorable to Global. *See Evans v. Brown*, No. 1:18-CV-00130, 2019 WL 2271157, at *2 (W.D. Ky. May 2019).

A federal court sitting in diversity may exercise personal jurisdiction over an out of state defendant only if a court of the forum state could do so. *See Kerry Steel Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148-49 (6th Cir. 1997). In Kentucky, jurisdiction over a non-resident defendant is governed by KRS 454.210. "Only after the requirements of KRS 454.210 have been satisfied can it be said that personal jurisdiction over a non-resident defendant extends to the outer limits permitted by federal due process." *Caesars Riverboat Casino, LLC v. Beach*,

336 S.W.3d 51, 57 (Ky. 2011). Accordingly, the two-step process for applying proper long-arm jurisdiction in Kentucky is as follows:

> First, review must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories. If not, then *in personam* jurisdiction may not be exercised. When that initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.

*Id.* The Kentucky Supreme Court has stated, "[w]hile we believe it fair to say that these provisions should be liberally construed in favor of long-arm jurisdiction, their limits upon jurisdiction must be observed as defined." *Id.* In light of this this, the Court must first determine which long-arm statute provision applies before considering minimum contacts and purposeful availment. *See id.*

Determination of whether this Court can exercise personal jurisdiction over I-Lift, in accord with the two-step requirement articulated by the Kentucky Supreme Court, will depend on whether I-Lift did in fact manufacture, sell, or ship the HM100. The answer to this question is unclear due to the overlap in the business practices of Hu-Lift, the name under which the HM100 was shipped, and I-Lift which Global claims was involved in the process. Global must only establish a *prima facie* showing of personal jurisdiction, because there has not been an evidentiary hearing to resolve the apparent factual dispute.

I-Lift has supported its motion with an affidavit from Ming Guo, the General Manager of Hu-Lift and the owner and president of I-Lift. (M. Guo Aff. ¶¶ 2-3). In the affidavit, she states that I-lift has never transacted any business in Kentucky and had "no involvement in the manufacture, sale, or shipment of the subject hydraulic jacks." (M. Guo Aff. ¶¶ 19, 37).

Global did not simply stand on its pleadings in its response to I-Lift's motion to dismiss. Instead, Global provided documentation of emails in which Hu-Lift and I-Lift owners communicated with Global on behalf of both Hu-Lift and I-Lift interchangeably, a joint insurance policy covering both Hu-Lift and I-Lift, virtually identical Hu-Lift and I-Lift website listings of the HM100, and several other documents showing extensive overlap between the businesses of Hu-Lift and I-Lift[1]. Since Global has supported its assertion that I-Lift and Hu-Lift shared in directing the HM100 to Kentucky, the Court will not consider I-Lift's conflicting assertions that I-Lift "had no involvement." Interpreting the pleadings and affidavits in the light most favorable to Global, it will be presumed for the purpose of the present motion that I-Lift was involved in the direction of the HM100 into Kentucky to the same extent as Hu-Lift.[2]

Regarding the first step of Kentucky's long arm jurisdiction, Global's claim of personal jurisdiction clearly falls into at least one of the nine categories enumerated in KRS 454.210(2)(a), particularly the section providing for jurisdiction over a non-resident defendant that transacts any business in the Commonwealth. *See* KRS 454.210(2)(a)(1). I-Lift either

---

[1] (Global's Resp. I-Lift's Mot. Dismiss Ex. A, at 1-2, DN 65-2; Global's Resp. I-Lift's Mot. Dismiss Ex. B, at 1-7, DN 65-3; Global's Resp. I-Lift's Mot. Dismiss Ex. C, at 1-21, DN 65-4; Global's Resp. I-Lift's Mot. Dismiss Ex. D, at 1-8, DN 65-5; Global's Resp. I-Lift's Mot. Dismiss Ex. E, at 1-6, DN 65-6; Global's Resp. I-Lift's Mot. Dismiss Ex. F, at 1-3, DN 65-7; Global's Resp. I-Lift's Mot. Dismiss Ex. G, at 1-6, DN 65-8; Global's Resp. I-Lift's Mot. Dismiss Ex. H, at 1, DN 65-9; (Global's Resp. I-Lift's Mot. Dismiss Ex. I, at 1-2, DN 65-10; Global's Resp. I-Lift's Mot. Dismiss Ex. J, at 1-21, DN 65-11).

[2] While the Court could hold an evidentiary hearing on the matter, the Sixth Circuit has held that "[w]here the disputed jurisdictional facts are intimately intertwined with the parties' dispute on the merits, a trial court should not require plaintiffs to mount 'proof which would, in effect, establish the validity of their right to relief sought.'" *Serras*, 875 F.2d. at 1214 (citing *Milligan v. Anderson*, 522 F. 2d 1202, 1207 (10th Cir. 1975); *United States v. Montreal Tr. Co.*, 358 F.2d 239, 242 (2d Cir. 1966)). In many cases, the better alternative for a district court is to reserve all factual determinations on the issue until trial which allows judicial resources to be more efficiently deployed by only holding one hearing on the contested facts. *Id*. Even though the Court is denying I-Lift's motion, I-Lift will not waive the defense at trial and the pre-trial determination that personal jurisdiction exists "does not purport to settle any disputed factual issues germane to the underlying substantive claim[s]." *Id.* at 1214-15.

directly or with Hu-Lift, manufactured, sold, or distributed the HM100 which was ultimately purchased and received by Sumitomo in Kentucky. Therefore, I-Lift transacted business in the Commonwealth and subjected itself to the jurisdiction of Kentucky within the meaning of KRS 454.210(2)(a)(1).

Regarding the second step, the Sixth Circuit has employed the following test to determine if the exercise of specific personal jurisdiction complies with federal due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Johnson v. Diamond Shine, Inc.*, 890 F. Supp. 2d 763, 769 (W.D. Ky. 2012) (citing *Tobin v. Astra Pharm. Prods., Inc.*, 993 F. 2d 528, 542-43 (6th Cir. 1993)).

Federal due process requires that a defendant who is not present within a forum have certain minimum contacts with the forum "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1941)). The traditional notions of fair play and substantial justice are not offended when there is enough evidence to establish "specific" jurisdiction. *See Kerry Steel Inc*, 106 F.3d at 149. Specific jurisdiction exposes defendants to suit in the forum state only on claims that "arise out of or relate to" the defendants contacts with the forum. *Id.* "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result' from actions by the defendant. . . that create a 'substantial connection' with the forum State, and when the defendant's contacts, conduct, and connection with the forum are such that [it] 'should reasonably anticipate being haled into court there.'" *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996)

(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). "So long as a commercial actor's efforts are 'purposefully directed' towards the residents of another State, [courts] have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Id.* (quoting *Burger King*, 471 U.S. at 476).

Global has presented evidence that I-Lift either directly or with Hu-Lift manufactured, shipped, or sold the HM100 to Sumitomo in Kentucky. Under such circumstances I-Lift knew or should have known the jack would be used, and potentially cause injury, in Kentucky. Such action was purposefully directed at the state of Kentucky and I-Lift should have reasonably anticipated being haled into court there.

For the reasons stated above, Global has made a *prima facie* showing of personal jurisdiction. The Court will therefore deny I-Lift's motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Third-Party Defendant's Motion to Dismiss (DN 40) is **GRANTED**, and the claim asserted against Third-Party Defendant Sumitomo Electric Wiring Systems, Inc. in the Third-Party Complaint (DN 35) is **DISMISSED**.

2. Third Party Defendant's Motion to Dismiss (DN 59) and Third-Party Defendant's Motion for Hearing (DN 54) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 22, 2019

cc: counsel of record